**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**J. Doe,**

          **Plaintiff,**

      **v.**                        **Civil Action 2:25-cv-364**
                                        **District Judge Algenon L Marbley**
                                        **Magistrate Judge Kimberly A. Jolson**

**Bon Secours Mercy Health, Inc. et al.,**

          **Defendants.**

**<u>SHOW CAUSE ORDER</u>**

Plaintiff filed this action on April 7, 2025.  (Doc. 1).  The Complaint presents two issues.

First, Plaintiff seemingly attempts to proceed under a pseudonym.  Both the case caption and the

body of the Complaint refer to Plaintiff as "J. Doe."  (*See generally id.*).  But the Complaint itself

is signed by "C. Holmes."  (*Id.* at 22).  And "C. Holmes" is also the name listed on the summons

forms submitted with the Complaint.  (Doc. 1-2).  Federal Rule of Civil Procedure 10 requires that

"[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  "Plaintiffs are

permitted to proceed under pseudonyms only under certain circumstances that justify an exception

to this rule."  *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).  This is

true because "[i]dentifying the parties to the proceeding is an important dimension of publicness.

The people have a right to know who is using their courts."  *Ericksen v. United States*, No. 16-cv-

13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017) (citation omitted); *see also Shane Grp.,

Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (recognizing "a 'strong

presumption in favor of openness' as to court records" (*quoting Brown & Williamson Tobacco

Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983))).

When considering whether a party may proceed under a pseudonym, courts consider the following factors:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio*, 123 F. App'x at 636.

None of the factors weighing in favor of a plaintiff proceeding under a pseudonym are apparent on the face of the Complaint. (Doc. 1). Plaintiff is therefore **ORDERED** to show cause **within fourteen (14) days of the date of this Order** why the Court should not order her to file an Amended Complaint that reveals her identity. Plaintiff is **WARNED** that failure to respond may result in her case being dismissed.

Second, it is not clear that this judicial district is the best venue for this action. *See* 28 U.S.C. § 1391. In her filing, Plaintiff says she is a resident of and a practicing physician in Charleston County, South Carolina. (Doc. 1 at 1). She alleges Defendant Roper St. Francis Healthcare Corp. "is a non-profit corporation both registered, licensed, and authorized to do business in the State of South Carolina[.]" (*Id.* at 1–2). And Defendant Bon Secours Mercy, Inc., "is a non-profit corporation incorporated in the State of Ohio." (*Id.* at 1). While verbose, the reminder of her Complaint lacks factual particularities about the events giving rise to her numerous claims. However, it seems that a substantial part of the events occurred in South Carolina. (*See generally id.* (alleging Plaintiff works in South Carolina, and she "had a valid contract including [a] lease agreement which Defendants, who are co-tenants, knew")). In fact, the only time Plaintiff

2

mentions Ohio is when she alleges Defendant Bon Secours Mercy, Inc. is incorporated here. (*Id.* at 1).

For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a); *see also Simmons v. Lafler*, No. 14-13063, 2014 U.S. Dist. LEXIS 166466, at *6 (E.D. Mich. Dec. 1, 2014) (noting that the court may transfer the case *sua sponte* for the convenience of the parties or witnesses). Because her Complaint is not clear about the events giving rise to her claims, Court **ORDERS** Plaintiff to show cause **within fourteen (14) days of the date of this Order** why venue is proper in the Eastern Division of the Southern District of Ohio. Said differently, Plaintiff should explain why her claims should be considered by this Court and not by a federal court in South Carolina or by another division of the Southern District of Ohio. *See* 28 U.S.C. § 1391(b) (stating where a civil action may be brought).

To assist her in complying with this Order, Plaintiff may wish to consult the Court's *Pro Se* Handbook. The Handbook is available on the Court's website: https://www.ohsd.uscourts.gov/pro-se-handbook.

IT IS SO ORDERED.


Date: April 22, 2025                         /s/ Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE