IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J. DOE., | : |
| | : |
|     Plaintiff, | :   Case No. 2:25cv-364 |
| | : |
| v. | :   Chief Judge Algenon L. Marbley |
| | : |
| BON SECOURS MERCY HEALTH, INC., *et al.*, | :   Magistrate Judge Kimberly A. Jolson |
| | : |
|     Defendants. | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Rule 72 Objections (ECF No. 7) to the Magistrate Judge's May 14, 2025, Order (ECF No. 6) requiring Plaintiff to show cause to explain what "located within the boundaries of the current division" means and to refile her complaint to list her name as the Plaintiff in the case caption and consistently throughout the complaint. For the reasons set forth herein, Plaintiff's Objections are **OVERRULED**. (ECF No. 7). Accordingly, the Magistrate Judge's Order is **AFFIRMED**. (ECF No. 6).

    **I.**    **BACKGROUND**

On April 7, 2025, Plaintiff filed this action alleging that Defendants violated various laws, including the Affordable Care Act. (ECF No. 1). According to the Complaint, Plaintiff is a resident of and a practicing physician in the County of Charleston, South Carolina. (*Id*. at 1). She alleges Defendant Roper St. Francis Healthcare Corp. "is a non-profit corporation . . . registered, licensed, and authorized to do business in the State of South Carolina" and Defendant Bon Secours Mercy Health, Inc. "is a non-profit corporation incorporated in the State of Ohio" that is also registered and authorized to do business in South Carolina. *(Id*. at 1-2).

On April 22, 2025, the Magistrate Judge issued an order to show cause addressing Plaintiff's apparent attempt to proceed under a pseudonym (J. Doe) and why the Eastern Division of the Southern District of Ohio is an appropriate venue. (ECF No. 2). Plaintiff subsequently responded that "the complaint already reveals the party's identity" and "[t]he parent company responsible for compliance with the ACA (Affordable Care Act) is incorporated in Ohio and located within the boundaries of the current division." (ECF No. 3). Finding that Plaintiff failed to address adequately the deficiencies identified in the show cause order, the Magistrate Judge ordered Plaintiff to file an explanation regarding the venue concerns, and additionally to refile her complaint to identify Plaintiff in the case caption and consistently throughout the complaint. (ECF No. 6). Plaintiff now contests the Magistrate Judge's Order and requests this Court's review. (ECF No. 7).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Indeed, "the clearly erroneous standard applies to factual findings by the magistrate judge" in light of the considerable deference that Rule 72(a) provides to the determinations of magistrates. Fed.R.Civ.P. 72(a); *Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-CV-411, 2021 WL 2410378, at *2 (S.D. Ohio June 14, 2021) (Marbley, J.) (internal quotation marks omitted). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a magistrate judge's legal conclusions only when those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684,

686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks and citation omitted).

### III. LAW AND ANALYSIS

Plaintiff objects to the show cause order on two bases: (1) that the show cause order is premature and offends due process by not allowing Defendants to be heard or raise the venue issues the Magistrate Judge asserted herself; and (2) that the Magistrate Judge erroneously asserted that Plaintiff seeks to proceed anonymously, or alternatively, that Plaintiff presents adequate support to proceed anonymously.

Venue is proper under 28 U.S.C. § 1391(b) in: (1) any district in which the defendant resides, if all defendants are residents of the state; (2) a district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) if there is no other district where the action may be brought, then where the court has personal jurisdiction over the defendant.

Under 28 U.S.C. § 1404(a), a court, not just the parties, may raise the issue of venue transfer to a more appropriate district or division. More specifically, the district court may transfer a case *sua sponte*. *Carver v. Knox Cnty.*, 887 F.2d 1287, 1291 (6th Cir. 1989). When a court considers *sua sponte* transfer of venue, it should inform the parties of its considerations and give them an opportunity to be heard on the matter. *Moore v. Rohm Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006). Additionally, this Court's Local Rules govern the **specific division** where actions must be filed within this District. *See* S.D. Ohio Civ. R. 82.1 (emphasis added). The Local Rules require actions against a defendant resident of the Southern District of Ohio be filed in the federal district court **serving the county of which the defendant resides**. S.D. Ohio Civ. R. 82.1(c) (emphasis added). If the Defendant is a corporation residing within the Southern District of Ohio, the venue is proper in

3

the "county in which its principal place of business within the District is located, or, if none, in that county with which it has the most significant contacts." S.D. Ohio Civ. R. 82.1(d).

Here, the Magistrate Judge appropriately exercised such authority to raise the issue of venue *sua sponte* and requested Plaintiff explain why the Eastern Division of the Southern District of Ohio is the appropriate venue as opposed to the Western Division or another federal court. (ECF No. 6 at 2). Neither Plaintiff's initial response that Defendant's "parent company… is incorporated in Ohio and located within the boundaries of the current division" nor Plaintiff's latter response that "the parent company is subject to personal jurisdiction in the current District and State Capital of Ohio" addressed the Magistrate Judge's concerns. (ECF Nos. 3 at 2; 7 at 2). It is not disputed that Bon Secours Mercy Health, Inc. is incorporated in the State of Ohio, and therefore subject to personal jurisdiction in the state. However, Plaintiffs responses do not indicate the county in which its principal place of business is located, and further personal jurisdiction is not the only consideration for venue when there are multiple defendants.

As refrenced above, pursuant to 28 U.S.C. § 1391(b), if defendants are not all residents of the same state, the proper judicial district is determined by where a substantial part of the events giving rise to the claim occurred or where a substantial part of a relevant property to the action is situated. If no district in which an action may otherwise be brought as provided in the statute exists, only then should venue be determined by a district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b); *see also Reilly v. Meffe,* 6 F.Supp.3d 760, 764 (S.D.Ohio 2014).

Considering 28 U.S.C. § 1391, the Magistrate Judge highlighted that the bulk of Plaintiff's allegations seem to be attached to South Carolina. Specifically, that Plaintiff lives in South Carolina, Plaintiff alleges the parties have a valid contract tied to South Carolina, and Plaintiff alleges Defendants trespassed and interfered with the use of Plaintiff's Property in South Carolina. (*See*

ECF Nos. 2 at 2; 6 at 2). Thus, the Magistrate Judge has a valid concern that venue may be more appropriate in a South Carolina federal court. If it is determined that South Carolina federal court is ***not*** an appropriate venue, only then should this District be considered; however, Plaintiff makes no showing that Defendant resides in a county covered by the Eastern District of Ohio as required under the Local Rules. *See* S.D. Ohio Civ. R. 82.1(d).

As such, this Court agrees with the Magistrate Judge that it is prudent for Plaintiff to demonstrate why this Court is the proper venue under to 28 U.S.C. § 1391 by expanding upon what "located within the boundaries of the current division" means. (ECF No. 6 at 2). Further, the Court disagrees that the Magistrate Judge's order was premature or would violate Plaintiff's due process as such authority is vested in magistrate judges, and accordingly, Plaintiff was granted time to be heard on the issue. This Court finds the Magistrate Judge's show cause order proper for the purpose of determining venue.

With respect to Plaintiff's objection to refiling the complaint, this Court also upholds the Magistrate Judge's order requiring that Plaintiff refile. Plaintiff identifies herself as "J. Doe" in the case caption and first sentence, but as "C. Holmes" on the signature line of the Complaint. (ECF No. 1 at 1; 22). Initially, Plaintiff asserted that she demonstrated "good cause" to proceed under the current case caption because her cause of action was based on "false defamatory statements." (ECF No. 3). Plaintiff now maintains that there is no request to proceed anonymously and, therefore irrelevant are the factors under *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) that determine whether a party should be allowed to proceed under a pseudonym. (ECF No. 7 at 3-4). Under *Doe* the court should consider:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
> (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy[;]"

5

    (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
    (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Even if this Court were to accept Plaintiff's assertions that there is no request to proceed anonymously, this Court agrees that Plaintiff must refile her complaint for consistency and transparency purposes. The federal rules require that a complaint must name all parties involved. *See* Fed. R. Civ. P. 10(a). Further, Plaintiff has failed to provide sound legal reasoning that would cause this Court to find the Magistrate Judge's Order clearly erroneous.

In the alternative, Plaintiff argues that she satisfies the second *Doe* factor by demonstrating the suit will compel Plaintiff to disclose information "of the utmost intimacy[,]" specifically personal health information (PHI) and information about current and prospective patients (ECF No. 7). The utmost-intimacy exception cited by Plaintiff is most typically invoked in cases involving sexual assault. *See Doe v. Fairfield Med. Ctr.,* 2023 WL 130726, *1 (S.D. Ohio Jan. 9, 2023). Plaintiff's Complaint does not include allegations of sexual assault or depict Plaintiff as a vulnerable party, and as such does not rise to the level of utmost intimacy. Further, as written, Plaintiff's complaint does not contain PHI or present concern that patient information may be disclosed if Plaintiff is not allowed to proceed anonymously. As such, this Court upholds the Magistrate Judge's order that Plaintiff must refile her complaint to identify herself in the case caption and consistently throughout the complaint.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Objections are **OVERRULED**. (ECF No. 7). Accordingly, the Magistrate Judge's May 14, 2025, Order is **AFFIRMED.** (ECF No. 6). This Court

thus **ORDERS** Plaintiff to explain what "located within the boundaries of the current division" means and refile her complaint in a manner consistent with this Order within thirty (30) days.

    **IT IS SO ORDERED.**

                                                          **ALGENON L. MARBLEY**
                                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 5, 2025**