IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J. DOE., | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-364** |
| | : | |
| v. | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| BON SECOURS MERCY HEALTH, INC., | : | **Magistrate Judge Kimberly A. Jolson** |
| *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motions for Hearing, Rule 59(e) Motion for Reconsideration, and Motion to Stay (ECF Nos. 11, 12). For the reasons set forth herein, Plaintiff's Motions are **DENIED**. (ECF Nos. 11, 12).

### I.     BACKGROUND

On April 7, 2025, Plaintiff filed this action alleging that Defendants violated various laws, including the Affordable Care Act. (ECF No. 1). According to the Complaint, Plaintiff is a resident of and a practicing physician in the County of Charleston, South Carolina. (*Id*. at 1). She alleges Defendant Roper St. Francis Healthcare Corp. "is a non-profit corporation . . . registered, licensed, and authorized to do business in the State of South Carolina" and Defendant Bon Secours Mercy Health, Inc. "is a non-profit corporation incorporated in the State of Ohio" that is also registered and authorized to do business in South Carolina. *(Id*. at 1-2).

On April 22, 2025, the Magistrate Judge issued an order to show cause addressing Plaintiff's apparent attempt to proceed under a pseudonym ("J. Doe") and why the Eastern Division of the Southern District of Ohio is an appropriate venue for this action. (ECF No. 2). Plaintiff subsequently responded that "the complaint already reveals the party's identity" and

1

"[t]he parent company responsible for compliance with the ACA (Affordable Care Act) is incorporated in Ohio and located within the boundaries of the current division." (ECF No. 3). Finding that Plaintiff failed to address adequately the deficiencies identified in the show cause order, the Magistrate Judge ordered Plaintiff to file an explanation regarding the venue concerns, and additionally to refile her complaint to identify Plaintiff in the case caption and consistently throughout the complaint. (ECF No. 6). On May 30, 2025, Plaintiff filed objections to the Magistrate Judge's order. (ECF No. 7).

On November 5, 2025, this Court overruled Plaintiff's objections and directed Plaintiff to comply with the Magistrate Judge's order which required Plaintiff to address the venue issues identified by the Magistrate Judge and refile her complaint within thirty (30) days of that order. (ECF No. 9). Plaintiff failed to follow this Court's directive. As such, on December 8, 2025, the Magistrate Judge issued another order requiring Plaintiff to show cause within ten (10) days as to why the Court should not impose sanctions for her failure to adhere to a Court order. (ECF No. 10 at 3). The order also noted that Plaintiff had yet to effectuate service on Defendants. (*Id.* at 2). Accordingly, the Magistrate Judge ordered Plaintiff to show good cause within ten (10) days of the order why the unserved Defendants should not be dismissed and why an extension of time to effect service should be allowed. (*Id.*). Plaintiff again failed to comply with that order.

Instead, on December 8, 2025, and amended on December 11, 2025, Plaintiff filed the current combined Motions for Hearing, Rule 59(e) Motion for Reconsideration, and Motion to Stay (ECF Nos. 11, 12). Plaintiff requests an in-person hearing, that all time limits be held in abeyance, and that this Court reconsider its November 5, 2025, order that affirmed the Magistrate Judge's May 14, 2025, order. (*Id.*). Additionally, on December 29, 2025, Plaintiff submitted an affidavit attesting that service was effectuated on Defendants via UPS and noting that Plaintiff

2

"timely responds to ECF 10 which we just received." (ECF No. 13). This Court will address these issues in turn below.

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) permits parties to move for a court to alter or amend a previously issued judgment. The Court will only grant relief under Rule 59(e) to correct one of the following: (1) a clear error of law; (2) newly discovered evidence not previously available to the parties; (3) an intervening change in law; or (4) manifest injustice. *Ogden v. Fortress Grp. USA*, 550 F. App'x 283, 284 (6th Cir. 2014) (citing *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). District courts have considerable discretion in deciding whether to grant motions filed under Fed. R. Civ. P. 59 and circuit courts review decisions for abuse of discretion. *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014).

## III.    LAW AND ANALYSIS

First, this Court will address Plaintiff's Rule 59(e) Motion. Plaintiff argues that because there is no "voluntary and knowing consent to Report and Recommendation (R&R) by both parties" this court has no jurisdictional or statutory authority and as such, the R&R is coerced and void. (ECF No. 12 at 5–6). Plaintiff additionally contends that the R&R was premature given Defendants had no opportunity to be heard. As such, Plaintiff seeks de novo review by an Article III official without an R&R. (ECF No. 11 at 3).

As an initial matter, while Plaintiff repeatedly articulates she does not consent to an R&R, an R&R was never issued in this case. Instead, Plaintiff has repeatedly failed to cure procedural issues with her Complaint despite being given various opportunities to do so. Further, despite previously filing objections pursuant to Rule 72(e), Plaintiff seemingly seeks to relitigate her objections to the Magistrate Judge's May 14, 2025, show cause order now under Rule 59(e). Rule

3

59(e) allows review of a final judgment if a plaintiff demonstrates: (1) a clear error of law; (2) newly discovered evidence not previously available to the parties; (3) an intervening change in law; or (4) manifest injustice. *Ogden*, 550 F. App'x at 284. Plaintiff's Motion to does not fall into of the Rule 59(e) categories. Additionally, Rule 59(e) motions may only be used to request relief on a final judgement, yet this Court has not issued a final judgment but rather has required Plaintiff to amend her Complaint to address procedural errors. *Brave Optical Inc. v. Luxottica of America Inc.*, 2026 WL 376931, at *3 (S.D. Ohio Feb. 11, 2026) ("Because the Court's Opinion and Order did not fully dispose of all issues and expressly provided an opportunity to amend, it was not a final judgment, but rather an interlocutory order. So Rule 59(e)'s strictures do not apply."). As mentioned above, Plaintiff attempts to relitigate various arguments already raised in her prior objection, which this Court will not readdress, nor would such arguments be permitted under Rule 59(e). *Campbell v. Forlini,* 2025 WL 1970244, at *1 (E.D. Mich. July 16, 2025) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)) (reasoning that Rule 59(e) "may not be used to relitigate issues of disagreement with a court's initial ruling."). As such, Plaintiff's requested relief under Rule 59(e) is **DENIED**.

Next, this Court will address Plaintiff's repeated failure to comply with this Court's orders. Plaintiff failed to comply with this Court's November 5, 2025, show cause order that overruled her objections, and affirmed the Magistrate Judge's May 14, 2025, order. That order required Plaintiff to "explain what located within the boundaries of the current division" means and refile her complaint. (ECF No. 9 at 6–7). After receiving no response from Plaintiff, on December 8, 2025, the Magistrate Judge gave Plaintiff ten (10) more days to show cause. The Magistrate Judge explicitly required Plaintiff to show good cause as to why "the unserved Defendants should not be dismissed and why an extension of time to effect service should be allowed." (ECF No. 10 at 2).

Additionally, the Magistrate Judge required Plaintiff to address why she failed to comply with this Court's November 5, 2025, order. (*Id.*). Plaintiff again failed to respond within the allotted time frame despite being warned that failure to comply may result in her case being dismissed for want of prosecution. (*Id.*). On December 29, 2025, Plaintiff submitted an affidavit attesting that she timely responded and that Defendants had been served via UPS with tracking. (ECF No. 13). Plaintiff's submitted affidavit was not only untimely but failed to acknowledge the Court's directive entirely. Further, Plaintiffs attempted service via UPS is improper.

As relevant here, the Federal Rules of Civil Procedure provide for several methods of service:

> [A]n individual … may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling … with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Subsection 4(e)(1) notes which state laws could apply, while subsection 4(e)(2) establishes Federal methods of service. Here, because Plaintiff brought this action in the Southern District of Ohio, and service was attempted on Defendant Bon Secours Mercy Health's designated agent in Ohio, and on Defendant Roper St. Francis Health Care's designated agent in South Carolina, "the Court must also consider the law for service in [all] of those jurisdictions." *Ilaw v. Dep't of Justice*, 309 F.R.D. 101, 104 (D.D.C. 2015). This Court now considers Plaintiff's attempted service under the Federal Rules, Ohio law, and South Carolina law, and finds each method lacking.

First, the Court considers the three federal methods provided for by subsection 4(e)(2). By mailing the Summons and Complaint via UPS, Plaintiff has not satisfied any of the federal

methods. It has not delivered a copy "personally." There is no indication that Defendants' registered agents or Chief Executive Officers signed for the package or that it was left with an individual who is "someone of suitable age and discretion who resides" at the address. Thus, Plaintiff's purported service fails under Rule 4(e)(2).

Next, the Court considers Ohio law. Under Ohio law, service within the state is governed by Ohio Civil Rule 4.1, while Rule 4.3 governs service outside of the State. *See* Ohio Civ. R. 4.1, 4.3. Rule 4.1 does permit service via commercial carrier when done by the clerk for "service within this state." Ohio Civ R. 4.1(A)(1). By contrast, Rule 4.3 makes clear that service outside of the state of Ohio can only be done by the clerk or by personal service. Ohio Civ. R. 4.3(B). Thus, Plaintiff's purported service via UPS also fails under Ohio law.

Finally, under South Carolina law, service can be made via certified mail if a return receipt is requested and obtained.  *See* S.C. R. Civ. P. 4(d)(8); *Hawes v. Cart Prods., Inc.*, 386 F. Supp. 2d 681, 692 (D.S.C. 2005) ("Under South Carolina law, the existence of a return receipt either signed by the defendant or showing that mail was returned is critical to effective service by mail."). Plaintiff states in her affidavit that she never received the return receipt. (ECF No. 13). Plaintiff's purported service via UPS also fails under South Carolina law.

Plaintiff has been granted various opportunities to correct procedural errors and to show cause to this Court. This Court even warned Plaintiff that failure to respond may result in her case being dismissed for want of prosecution. Even if this court were to accept Plaintiff's untimely response to the Magistrate Judge's December 8, 2025, show cause order, she has still failed to serve Defendnats via a proper method of service. Plaintiff's noncompliance constitutes a failure to prosecute and warrants dismissal. *See Smith v. Lavender*, 2024 WL 1259861, at *1 (S.D. Ohio Jan. 30, 2024), *report and recommendation adopted*,  2024 WL 1257170 (S.D. Ohio Mar. 25, 2024)

(dismissing plaintiff's case for failure to prosecute where plaintiff failed to perfect service and comply with orders of the court). Plaintiff's Complaint is hereby **DISMISSED** without prejudice. (ECF No. 1). As such, Plaintiff's Motion for Hearing and Stay are **DENIED as MOOT**.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs Motions for Hearing, Rule 59(e) Motion for Reconsideration, and Motion to Stay are **DENIED**. (ECF Nos. 11, 12). Plaintiff's Complaint is hereby **DISMISSED** without prejudice. (ECF No. 1).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 27, 2026**